THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS E. PERKINS *et al.*, Defendants-Appellees.

Second District   Nos. 2—91—0273 through 2—91—0275 cons.

Opinion filed February 21, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Steven J. Zick, Kathryn M. Frost, and Terence M. Madsen, Assistant Attorneys General, of Chicago, of counsel), for the People.

No brief filed for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from the trial court's order dismissing six traffic citations issued by the State police to defendants, Thomas E. and William E. Perkins, who were transporting overwide and overlong loads for Johnson Control Systems of Sycamore. The court determined that the defendants possessed a valid permit to operate the overwide and overlong vehicles on certain designated routes.

The permit had been issued on September 14, 1990, by the De Kalb and Boone County superintendents of highways to Johnson Control Systems (Johnson) for seven vehicles to be used to transport car seats between Johnson's plant and the Chrysler plant in Belvidere. The permit was granted in accordance with the authority vested in De Kalb County under section 15—301 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1989, ch. 95½, par. 15—301(a).) That section provides in pertinent part:

"The Department with respect to highways under its jurisdiction and local authorities with respect to highways under their jurisdiction may, in their discretion, upon application and good cause being shown therefor, issue a special permit authorizing the applicant to operate or move a vehicle or combination of vehicles of a size or weight of vehicle or load exceeding the maximum specified in this Act or otherwise not in conformity with this Act upon any highway under the jurisdiction of the party granting such permit and for the maintenance of which the party is responsible. Applications and permits other than those in written or printed form may only be accepted from and issued to the company or individual making the movement. Except for an application to move directly across a highway the application shall show that the load to be moved by such vehicle or combination of vehicles cannot reasonably be dismantled or disassembled." Ill. Rev. Stat. 1989, ch. 95½, par. 15—301(a).

Based on a resolution passed by De Kalb County (the county) in 1987, approving the issuance of such a special permit to Johnson, the permit had been renewed on an annual basis. At the times defendants were ticketed, the width and length of the vehicles operated by them were within the dimensions allowed by the permit.

The six tickets against the two defendant drivers were consolidated for a hearing. At the hearing the drivers were represented by counsel retained by Johnson. The State was represented by legal counsel of the Illinois State Police appearing as a special prosecutor. The De Kalb County State's Attorney appeared on behalf of the county highway commissioner.

It was defendants' position at the hearing that the county had issued a permit to Johnson to transport goods with overlong and overwide trucks on certain specified routes, that at the time defendants were arrested the permit was in effect and the trucks were within the guidelines of the permit, and that, therefore, the tickets should be dismissed.

The State contended that the car seats being transported by Johnson constituted a divisible load, that it was Johnson's duty to show the load was not divisible, that Johnson had not met this duty, and that the county, in issuing a permit, had no discretion to decide if the load was not divisible. Therefore, the State asserted, the permit issued to Johnson was void at the time of its issuance because the county had no authority to issue a permit for a divisible load.

The court did not agree with the State's position and found that the loads were not "reasonably" divisible within the meaning of section 15—301(a). (Ill. Rev. Stat. 1989, ch. 95½, par. 15—301(a).) Additionally, the court determined that the statute grants a local authority, in this instance the county, the discretion to issue a special permit to operators of vehicles which are overwide or overlong and that by its issuance a presumption of validity arises as to the permit. In so finding, the court rejected the State's argument that operators charged with width or length violations must prove that they are exempt from such violations. Because defendants were driving within the conditions of the special permits, the court granted defendants' motion to dismiss the traffic tickets.

The State appeals, contending (1) that the trial court erred in refusing to assign a burden of proof to defendants and (2) that defendants did not qualify for a permit. We note first that defendants have not filed a brief. Nevertheless, we decide the merits of this appeal because the record is simple, and we can easily decide the issues

without an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

In its first contention the State argues that the trial court erred in not finding that the shipper, Johnson, bore the burden of proving that it was entitled to the special exemption which allowed it to operate overwide and overlong vehicles on the county highways. Relying on *People v. Delk* (1981), 96 Ill. App. 3d 891, and a subsection of the unlawful use of weapons statute pertaining to exemptions to the offense (Ill. Rev. Stat. 1989, ch. 38, par. 24—2(h)), the State maintains that defendants had the burden of proving by a preponderance of the evidence that they were entitled to the exemption. The trial court did not agree with this contention, and neither do we.

■ Whenever the legislature has intended the burden of proof of any exemption or exception in an act to be upon the person claiming it, the legislature has specifically set forth that intent in a provision in the act. (See, *e.g.*, section 24—2(h) of the deadly weapons statute (Ill. Rev. Stat. 1989, ch. 38, par. 24—2(h)); section 506 of the Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1506); section 16 of the Cannabis Control Act (Ill. Rev. Stat. 1989, ch. 56½, par. 716).) The fundamental principle of statutory construction is to give effect to the intent of the legislature. (*State v. Mikusch* (1990), 138 Ill. 2d 242, 247.) Here, where the legislature has not provided a provision within the Illinois Vehicle Code allocating the burden of persuasion as to exemptions, we will not presume that such a burden applies to Johnson.

Nevertheless, even if Johnson bore such a burden, we believe it was met as evidenced by the permit issued to Johnson. The trial court found that the issuance of the permit established the validity of the permit and that, by issuing the permit, the county demonstrated its belief that Johnson had shown it was entitled to an exemption. The State maintained throughout the hearing on the motion to dismiss that the county never had the authority to issue the permit. The State argued that a permit can only be issued if an oversized load could not "reasonably be dismantled or disassembled" (Ill. Rev. Stat. 1989, ch. 95½, par. 15—301(a)) and that, in this instance, the load, car seats, could be reasonably disassembled.

Section 554.501 of the Administrative Code discusses reasonable dismantling or disassembling and the issuance of permits. It provides:

> "(a) Permits may be issued for overdimension objects and vehicles if they have been reasonably disassembled. Objects must be loaded within legal dimensions, if at all possible. Multiple objects, loaded side-by-side, end-to-end, or on top of each other,

may not cause the overdimension. However, more than one overdimension object may be transported if it does not result in another dimension that exceeds legal limits.

(b) Permits to move empty overdimension vehicles may be obtained, but these vehicles may not normally be used to transport legal size loads. Consideration will be given to the movement of a legal size object requiring a special carriage that results in an oversize vehicle. An overdimension vehicle may be used to transport an overdimension object." 92 Ill. Adm. Code §554.501 (1991).

■ Here, the objects being moved were car seats stored on pallets on tracks identical to tracks used in Chrysler's Belvidere plant. Johnson manufactured the seats and shipped approximately 1,000 of them per day to the Chrysler plant. The seats were shipped by specially equipped trucks making approximately 16 runs per day. To accommodate these loads the trucks had to be wider than allowed by the Illinois Vehicle Code, *i.e.*, 8 feet 6 inches instead of 8 feet, and longer, *i.e.*, 67 feet rather than 60 feet. Johnson would take the pallets off the storage tracks at their location and transport the pallets by a mobile unit to tracks on the trucks. The pallets would then be double stacked on the trucks which were equipped with three tracks on two levels. When the trucks arrived in Belvidere, the pallets were removed from the tracks on the truck and placed on similar tracks in the Chrysler plant. Consequently, the car seats, although legal sized objects, required a special carriage to be transported from the Johnson plant to the Chrysler plant, and that carriage resulted in an oversized vehicle.

The legislature has established a statutory scheme in which overwide and overlong vehicles may be operated on highways under a county's jurisdiction although their operation would otherwise constitute a violation of section 15—102 (Ill. Rev. Stat. 1989, ch. 95½, par. 15—102) and section 15—107 (Ill. Rev. Stat. 1989, ch. 95½, par. 15—107). That scheme is set forth in section 15—301(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 15—301(a)). Section 15—301(a) gives local authorities, the county in this instance, the discretion to issue a special permit for the operation of an oversized vehicle if an applicant shows good cause. In 1987 Johnson applied to the county for a special permit allowing the company to move the car seats by oversized vehicles. Given the manner in which the car seats are shipped, "good cause" existed for the county to issue the permit. Moreover, we agree with the trial court that the issuance of the permit created a presumption that Johnson's application showed the load

could not "reasonably" be dismantled or disassembled for transporting. Also, contrary to the State's contention at the hearing, the permit does not have to show that the load is not divisible. We conclude that the county did not abuse its discretion in issuing the permit, and, therefore, if the vehicles ticketed by the State police were operating within the terms of the permit, no violations of the Illinois Vehicle Code could be proven.

Here, defendants were in strict compliance with the permit issued. The vehicles transporting the car seats were within the width and length specifications designated in the permit and traveling on routes named in the permit. Since the permit was valid and since defendants were not in violation of the terms of the permit at the time of their arrest, the trial court did not err in dismissing the traffic citations.

Accordingly, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.