# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Finkenbinder, 2011 IL App (2d) 100901**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICHOLAS T. FINKENBINDER, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0901 |
| Filed | December 28, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for consumption of alcohol while under the age of 21 was upheld over his contention that he was subject to the statutory exemption in section 6-20(e) of the Liquor Control Act of 1934 providing that the consumption of alcohol by a person under 21 is not prohibited when the person is under the direct supervision and approval of his parents or parent or those persons standing *in loco parentis* of such person in the privacy of a home, since the facts in defendant's case showed that even under the most liberal definition of "direct supervision," defendant's mother was not directly supervising him while he was consuming alcohol. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 09-CM-431; the Hon. John H. Young, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Zenoff and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant, Nicholas T. Finkenbinder, was convicted of consuming alcohol while under the age of 21 (235 ILCS 5/6-20(e) (West 2008)) and was sentenced to one year of court supervision. Defendant appeals, arguing that the trial court erred in concluding that he was not exempt from prosecution under the statute. For the reasons that follow, we affirm.

¶ 2                                        BACKGROUND

¶ 3    The evidence presented at trial tended to prove the following. On June 3, 2009, defendant was 19 years old and lived with his parents and sister. On that day, his parents threw a family gathering for defendant's uncle and cousin, both of whom were in the military and would soon be leaving on deployment and for basic training. As part of the celebration, defendant's mother granted defendant permission to consume alcohol at the party. During the party, defendant and his mother were not in the same room at all times, as people mingled about the house and yard. Defendant's mother observed defendant consume two or three beers during the course of the evening.

¶ 4    At approximately 3:43 a.m. on June 4, 2009, Officer Robert Kozlowski of the Belvidere police department responded to a call of suspicious activity. Kozlowski did not observe anything suspicious in the area identified in the call and he proceeded to a nearby 7-Eleven. About a block away from the 7-Eleven, Kozlowski observed defendant walking in the middle of the street. There were sidewalks in the area, and nothing was blocking their use. Kozlowski stopped to speak with defendant. Kozlowski could smell the odor of alcohol coming from defendant. Defendant admitted to having consumed alcohol, telling Kozlowski that he had consumed three beers. Defendant agreed to submit to a breath test, which revealed a blood alcohol content of 0.09. After submitting to the breath test, defendant admitted to Kozlowski that he had consumed some shots of alcohol in addition to the beers.

Kozlowski placed defendant under arrest for underage drinking and transported him to the police department. There, defendant submitted to another breath test, which revealed a blood alcohol content of 0.097.

¶ 5        Defendant's mother was unaware of the fact that he had left the house.

¶ 6        The trial court found defendant guilty, concluding that he was not under the direct supervision of his mother upon leaving the house.

¶ 7        Following an unsuccessful motion for a new trial, defendant was sentenced to one year of court supervision. He then brought this timely appeal.

¶ 8                                        ANALYSIS

¶ 9        On appeal, defendant argues that the trial court erred in finding him guilty, because his conduct fell within the exemption provided for in the statute. Section 6-20(e) of the Liquor Control Act of 1934 (Act) (235 ILCS 5/6-20(e) (West 2008)) provides that "[t]he consumption of alcoholic liquor by any person under 21 years of age is forbidden." The Act further provides, however, that "the consumption [of alcoholic liquor] by a person under 21 years of age under the direct supervision and approval of the parents or parent or those persons standing in loco parentis of such person under 21 years of age in the privacy of a home, is not prohibited by this Act." 235 ILCS 5/6-20(g) (West 2008). We hold that defendant was not subject to this exemption.

¶ 10       Initially, defendant notes that in the trial court his counsel referred to section 6-20(g) as an affirmative defense to the charged offense. On appeal, he contends that section 6-20(g) is correctly classified as an exemption. The State concedes that section 6-20(g) is properly characterized as an exemption, and we agree. See *People v. Foster*, 195 Ill. App. 3d 926, 953 (1990) (where the provision was neither an element of the offense nor labeled as an affirmative defense, it was properly characterized as an exemption). The parties, citing to *People v. Smith*, 71 Ill. 2d 95 (1978), agree that the defendant bears the burden of proving the exemption by a preponderance of the evidence. We note, however, that *Smith* and the other cases that state that the defendant bears the burden of proving an exemption by a preponderance of the evidence all discuss the exemptions to the offense of unlawful use of a weapon (see generally 720 ILCS 5/24-2 (West 2008)). That statute specifically provides that the defendant bears the burden of proving those exemptions. 720 ILCS 5/24-2(h) (West 2008). Here, by contrast, the statute does not specifically provide that the defendant bears the burden of proving the exemption. However, because the parties agree upon the burden, we will assume that it applies.

¶ 11       There is no dispute that defendant had his mother's approval to consume alcohol and that all of the alcohol he consumed was consumed in the privacy of his parents' home. At issue is whether he was under the "direct supervision" of his mother when he consumed the alcohol. The trial court concluded that defendant was not under the direct supervision of his mother, based on the fact that his mother was unaware that he had left the house. Defendant contends that such a finding was error, as the exemption required that defendant be supervised only while consuming the alcohol, and there was no evidence that he consumed alcohol after he left the house. The State, in response, argues that the fact that defendant's

mother was unaware that he had consumed shots and that he had left the house indicates that defendant was not under his mother's direct supervision. We agree with the State.

¶ 12      While the Act does not define the term "direct supervision," it is unnecessary for us to construct a definition of our own, as there was sufficient evidence for the trial court to conclude that defendant was not under the supervision of his mother, much less her direct supervision. The term "supervision" alone means "the act, process, or occupation of supervising." Webster's Third New International Dictionary 2296 (1993); see also *People v. Beachem*, 229 Ill. 2d 237, 244 (2008) (when a term is not statutorily defined, we are to presume that the legislature intended the ordinary and popularly understood meaning, which may be ascertained through use of the dictionary). "Supervise" means "to coordinate, direct, and inspect continuously and at first hand the accomplishment of." Webster's Third New International Dictionary 2296 (1993). The Act provides that its provisions are to be "liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." 235 ILCS 5/1-2 (West 2008). As the First District once explained, statutes regulating the possession, furnishment, and use of alcohol by minors "demonstrate that minors are to be afforded special protection, under Illinois law, from the deleterious consequences of alcohol abuse and that minors are not deemed capable of appreciating the risks of alcohol consumption." *Cravens v. Inman*, 223 Ill. App. 3d 1059, 1078-79 (1991).

¶ 13      Given the Act's goal of providing for safety and temperance in the consumption of alcohol and the legislature's demonstrated belief that people under the age of 21 are generally incapable of appreciating the risks of alcohol consumption, we conclude that supervision in this context requires, at the very least, an awareness of the minor's whereabouts and level of intoxication. The evidence presented at trial established that, although defendant's mother approved of defendant's consumption of alcohol and was present in the same house while defendant was consuming the alcohol, she was unaware of how much defendant drank, the type of alcohol defendant drank, and his whereabouts during the course of the night. From these facts, there was sufficient evidence for the trial court to infer that defendant was not under the supervision–much less the direct supervision–of his mother when he was consuming alcohol. Certainly, defendant's mother cannot be said to have been conducting a continuous and first-hand coordination, direction, or inspection of defendant's alcohol consumption if she was unaware of the most basic of facts about defendant's activities, such as the type of alcohol he was consuming, how much alcohol he consumed, and his leaving the house.

¶ 14      Defendant makes much of the fact that the statute requires that the minor's consumption of alcohol, not the minor's activities following his consumption, be directly supervised. According to defendant, the trial court's interpretation of the statute leads to absurd results because it would require supervising parents to remain in the same location as the consuming minor until all of the alcohol is metabolized. We disagree. While we agree that the statute's focus is on the supervision of the minor's alcohol consumption, the fact that defendant's mother was unaware that he had left the house allows for the inference that her supervision

-4-

of his actual alcohol consumption was also lacking. This inference is certainly buttressed by the fact that defendant's mother was aware only that defendant had consumed two or three beers, when in reality defendant had consumed not only two or three beers, but also multiple shots of hard liquor. Whether "direct supervision" requires the supervising parent to stay by the minor's side until all of the alcohol has metabolized need not be decided here. As discussed above, the facts of the present case allow us to conclude that, under even the most liberal definition, defendant's mother was not directly supervising him while he was consuming alcohol.

¶ 15                                    CONCLUSION
¶ 16        The judgment of the circuit court of Boone County is affirmed.


¶ 17        Affirmed.